Peter J. ST. MARKS, Appellant,

v.

**The CHIPPEWA–CREE TRIBE OF ROCKY BOY RESERVATION, MONTANA, et al., Appellees.**

No. 75–2298.

United States Court of Appeals, Ninth Circuit.

Oct. 18, 1976.

George Rouff, of Montana Legal Services Assoc., Havre, Mont., for appellant.

Philip Roy, of Roy & Pond, Browning, Mont., for appellees.

Before TUTTLE,* HUFSTEDLER and GOODWIN, Circuit Judges.

PER CURIAM:

The judgment from which St. Marks appeals is vacated, and the action is remanded to the district court for further proceedings.

St. Marks filed this action challenging the physical residency requirement of section 2, Article IV, of the tribe's constitution and bylaws. He also sought to set aside the election in which he had been barred from running for tribal judge.

In entering its order dismissing the action on the ground that St. Marks had not exhausted his available tribal judicial remedies, the district court gave no effect to the intervening order of the tribal court dismissing plaintiff's parallel intramural action seeking to nullify the tribal residency requirement.

■ Under the circumstances of this case, we hold that St. Marks did exhaust all available tribal judicial remedies *pendente lite,* even though he failed to do so before he filed this action. *Howlett v. Salish and Kootenai Tribes,* 529 F.2d 233 (9th Cir. 1976), suggests that such exhaustion is a jurisdictional precondition to filing in the district court, but the time element was not necessary to the decision and does not appear to have been a contested issue in *Howlett.*

Here the plaintiff sought the office of tribal judge in one election and membership on the tribal council in the next. He was barred from both elections by the election board and the tribal council for failure to satisfy the physical residency requirement. He filed this action challenging the requirement with respect to the first election.

Plaintiff also challenged the requirement by proceedings in the tribal court with respect to the second election. Because he secured a final tribal adjudication before the district court acted on the motion to dismiss, we believe he had satisfied the jurisdictional precondition to suits under the Indian Civil Rights Act (25 U.S.C. § 1302), even though he did so after, instead of before, he invoked the aid of the federal court.

■ The exhaustion requirement is not an inflexible one. *Rosebud Sioux Tribe of South Dakota v. Driving Hawk,* 534 F.2d 98 (8th Cir. 1976); *Janis v. Wilson,* 521 F.2d 724 (8th Cir. 1975); *United States ex rel. Cobell v. Cobell,* 503 F.2d 790 (9th Cir. 1974), *cert. denied,* 421 U.S. 999, 95 S.Ct. 2396, 44 L.Ed.2d 666 (1975). It is imposed to further the congressional goals of preserving and strengthening native American cultures by insuring that tribal institutions are not denied the opportunity to resolve tribal disputes or to make tribal policy. To determine in any particular case whether these goals will require exhaustion of tribal remedies, we must first ascertain whether any meaningful tribal remedies exist, and, if so, whether exhaustion will in any way serve the purposes for which it is intended. If it will, the need to preserve and strengthen tribal institutions must be balanced against the need immediately to adjudicate alleged deprivations of individual rights. *Cf. O'Neal v. Cheyenne River Sioux Tribe,* 482 F.2d 1140 (8th Cir. 1973).

In this case, no balancing is necessary. Resort to the tribal court will not further the policies behind the exhaustion requirement. That court has already considered the validity of the physical residency re-

* The Honorable Elbert P. Tuttle, United States Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

quirement, decided it was valid, and invited "appeal" to federal court. Its decision in no way rested on the particular office being sought. No purpose would be served by requiring the tribal court to repeat its deliberations with respect to St. Mark's candidacy for each office.

We hold that the objectives which support the exhaustion requirement have been fulfilled in this case. St. Marks has effectively exhausted his tribal remedies and the cause should proceed to a decision on the merits. We express no opinion, of course, on the merits of the physical residency issue.

Vacated and remanded.